## DeWITT, In Re Bankrupt.

District Court of the United States for the Northern District of Ohio Eastern Division.

No. 65434.   Decided November 8, 1948.

## MEMORANDUM OF REFEREE

By WOODS, Referee in Bankruptcy.

Dominic DeWitt was adjudicated a voluntary bankrupt on June 5, 1948 and Daniel W. Mumaw was elected trustee in bankruptcy.   In the Municipal Court of Youngstown there was then pending the case of Gorvet v. DeWitt, et al. No. 16966, in which Martin J. Carney was serving as statutory trustee for the

benefit of creditors under §11728-1 GC. Mumaw, the trustee in bankruptcy, filed in this court a petition for a show cause order on Carney, the statutory trustee in the Municipal Court in Youngstown, to turn over funds being wages earned by bankrupt and in the possession of the municipal court trustee.

Upon trial the proof showed that a check for $154.00 from the statutory trustee is now held by the bankruptcy trustee, pending the determination of the controversy as to the right to this fund paid into the trusteeship for the benefit of creditors. The statutory trustee has filed his motion to dismiss the petition of Mumaw, bankruptcy trustee, for summary order on two grounds (1) that the bankruptcy court has no jurisdiction in the matter and (2) that the facts as alleged do not state a cause of action to entitle the bankruptcy trustee to the funds as claimed.

Examination of the files in the municipal court case, together with the proof offered shows that the statutory trusteeship was created at the request of bankrupt on May 9, 1947 and thereafter Martin J. Carney was appointed statutory trustee on June 9, 1947.

From August 15, 1947 to January 9, 1948, bankrupt paid $239.70 into the Municipal Court which was distributed pro-rata to his creditors on January 16, 1948.

Thereafter payments were made to the Municipal Court as follows: On February 25, 1948, $56.00, April 12, 1948, $47.00, May 2, 1948, $51.00, total funds in the trusteeship $154.00, when bankruptcy intervened June 5, 1948, for which check is now held by the bankruptcy trustee subject to the order of this court.

The relevant statutes are as follows:

Sec. 11728-1 GC provides,

"Any person upon whom a demand has been made * * * may apply * * * for the appointment of a trustee to receive that portion of the personal earnings of the debtor not exempt from execution, attachment or proceedings in aid of execution * * * and file * * * a statement * * * of the names of his unsecured creditors. * * * No proceedings in attachment in aid of execution or other action to subject personal earnings of the debtor to the payment of claims shall be brought or maintained by any creditor so long as * * * personal earnings * * * not exempt * * * are paid * * * at regular intervals * * *"

Bankruptcy Act, Sec. 2 (a) (21) provides:

"2. Creation of Courts of Bankruptcy and Their Jurisdiction. (a) The courts * * * of bankruptcy * * * are hereby vested * * * with such jurisdiction at law and in equity as will enable them to * * * (21) Require receivers or trustees appointed in proceedings not under this Act * * * and agents authorized to take possession of * * * a person's property * * * to deliver the property in their possession or under their control to the receiver or trustee appointed under this title * * * except * * * if the receiver or trustee was appointed * * * more than four months prior to the date of bankruptcy."

Sec. 67 of the Bankruptcy Act provides:

—Liens and Fraudulent Transfers.—"Every lien against the property of a person obtained by attachment, judgment, levy or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy * * * shall be deemed null and void (a) if at the time when such lien was obtained and such person was insolvent."

An assignment of wages to be earned in the future under an existing employment is valid, is the law of Ohio as established in **Rodejkeit v. Andrews, 74 Oh St 104.** This case was followed in **Public Finance Co. v. Rowe, 123 Oh St 206,** where it was held that the lien claimed by an assignment of wages to be earned in the future becomes effective only as wages are earned. The rule thus established is that an assignment is unenforceable against an assignor who is discharged in bankruptcy as to wages earned by him subsequent to his adjudication.

It was held in Miller v. Potts, 26 Fed. (2d) 851, 12 ABR ns 367 (1928) where there was a conflict between a state and federal court as to jurisdiction, that the provisions of the Bankruptcy Act are paramount. The lien, if any, was obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy and is thereby nullified, pg. 373. With this understanding of the rule as to right of the Federal Court to administer the assets where there was an attempted transfer within four months of bankruptcy, let us now proceed to examine the facts as presented in the case at bar.

The claim of the Municipal Court officers to administer the wage fund is based upon the Ohio Statute and the papers and records made in the proceedings in that court. Dominic

452

DeWitt, the bankrupt here, on May 9, 1947, filed his "Application for Appointment of a Trustee" under the Ohio General Code Sections, which is a printed form and its pertinent language is as follows:

"The undersigned, upon whom a demand has been made in accordance with §10272 GC, respectfully makes application for the appointment of a trustee to receive that portion of the personal earnings of your applicant, the debtor, in the above entitled case, not exempt from execution, attachment or proceedings in aid of execution, and such additional sum the undersigned debtor may voluntarily pay or assign to such trustee."

Thereafter wages were paid into the Court and distribution made by the statutory trustee in accordance with their usual practice on January 16, 1948.

On February 25, 1948, within the four-month period of bankruptcy (adjudication date June 5, 1948) debtor again started payments to the municipal court and the fund was created which is now in controversy.

In the first place the sequestering of this fund cannot be said to establish a lien so that Sec. 67 of the Bankruptcy Act would be applicable. There is nothing about the transaction to characterize it as a lien and any such consideration is not in point.

Under the language of the application of May 9, 1947, the previous year, the statement is that the debtor applies for a trustee to receive non-exempt wages that he "may voluntarily pay or assign to such trustee" who is to distribute the fund as the Municipal Court may order. The bankrupt had made his payments from wages earned and the court had made distribution on January 16, 1948. Surely it can be assumed that the bankruptcy court has no jurisdiction or claim to such fund which was distributed by the court order under the law of Ohio more than four months before adjudication.

The question remains, what about the wages assigned or paid into the Municipal Court within the four-month period. Notwithstanding bankrupt made only one application for a trusteeship in the Municipal Court and that was made before the four-month period, the wages or sum which "debtor may voluntarily pay or assign to such trustee" (quoting debtor's application of May 19, 1947) were paid to the Municipal Court trustee within four months of debtor's bankruptcy. It is

submitted that this action by debtor is in direct conflict with, and not permitted by Sec. 2 (a) (21) of the Bankruptcy Act which provides that courts of bankruptcy are vested with jurisdiction at law and in equity to enable them to require receivers appointed in proceedings not under this act (bankruptcy) to deliver the property in their possession to trustees appointed under this title.

Counsel for the City of Youngstown urges that Sec. 2 (a) (21) is not applicable because the trustee was applied for by debtor and so established more than four months before bankruptcy. That probably is the rule as to the January disbursement. But in February, 1948, debtor again started to pay his wages into the Municipal Court; he could not pay his wages until earned and when he did pay them, such payment was made within the four-month period, so that under Sec. 2 (a) (21) such funds must be delivered to the bankruptcy trustee for administration.

Counsel calls attention to Emil v. Hanley, 130 Fed. (2d) 49 ABR ns 556 (1942) which had to do with a foreclosure receivership in the state court where there were rents derived from mortgaged premises and L. Hand, J. held page 561 that Sec. 2 (a) (21) of the Bankruptcy Act did not apply to suits commenced prior to bankruptcy. This case was affirmed by the Supreme Court as in Re John M. Russell, Inc., 318 U. S. 515, 52 ABR ns 589 (1943) and affirmed in an opinion by Mr. Justice Douglas. From the discussions in both opinions it is apparent that the situation there presented is not like that here before the court. Justice Douglas points out that these provisions are new in the Bankruptcy Act, having been added by the Chandler Act of 1938. He sets out the provisions of Sec. 2 (a) (21) and there is no word in the opinion of a situation like that now before this court where the fund was earned and came into the possession of the state court receiver within four months of bankruptcy.

Also there is the case of Muffler v. Petticrew Real Estate Co. 132 Fed. (2d) 479, 52 ABR ns 130 (1943) where there had been a state court foreclosure in a long pending case prior to bankruptcy and Judge Allen held that Sec. 2 (a) (21) is not applicable. Apparently the most recent case is Atlantic Flooring & Insulation Co. Inc. v. Russell, 146 Fed. (2d) 844, 57 ABR ns 386 (1945). The question is, does bankruptcy jurisdiction supercede and determine claims to property allegedly in the custody of the state court. The questions are discussed, and particularly summary jurisdiction, but the conclusion is of no help in the controversy before this court.

The finding is that the trustee in bankruptcy is entitled to possession of the checks and wage fund now in his custody and the same is to be held by the trustee and distributed as other assets of the estate according to bankruptcy law. An order to this effect may be prepared.