BROWN, Bankrupt, In re.

United States District Court, Northern District of Ohio,
Eastern Division

No. 88731.   Decided November 8, 1960.

464

For further history see *Omnibus Index* in bound volume.

## ISSUES

DOYLE, Referee in Bankruptcy. The questions involved in this proceeding are whether this Court has summary jurisdiction and if so, authority to issue a turnover order directing the Clerk of the Municipal Court of Warren, Ohio to pay to the trustee in bankruptcy a fund held by said Clerk on the date of the filing of the petition in bankruptcy.

The fund was derived from payments made from wages assigned by the bankrupt to the Municipal Court Clerk as Trustee under the provisions of Sections 2329.70 and .71, Revised Code, relating to statutory trusteeships in county and municipal courts.

## FACTS

Prior to the filing of petition in bankruptcy and, on or about June 25, 1959, the then debtor, Brown, filed his application in the Municipal Court of Warren, Ohio, for the appointment of the clerk of that court to act as trustee under Sections 2329.70

and .71, Revised Code, to receive and distribute non-exempt wages of the debtor to creditors joining in the trusteeship.

Numerous payments were made by the debtor and distributed prior to the bankruptcy. Additional payments were made to the Municipal Court trustee prior to the filing of the petition in bankruptcy in the amount of $623.74, which sum was in the hands of the Municipal Court trustee on the date of the filing of petition in bankruptcy, April 7, 1960, and for approximately two weeks thereafter.

The Clerk of the Municipal Court was notified by the attorney for the bankrupt, of the filing of petition in bankruptcy while the funds were in the hands of said Clerk of Municipal Court who was instructed by said attorney to hold the funds subject to the order of the bankruptcy court. Said Clerk of Municipal Court disregarded this notice and made distribution of said funds to the creditors listed in the Municipal Court trusteeship, on or about April 23, 1960.

The trustee in bankruptcy thereupon filed a petition for a turnover order to which answers have been filed by various respondents, hearings held, oral arguments made, and briefs submitted.

## DISCUSSIONS AND LAW.

What law applies to a situation where funds are accumulated by a trustee in a Municipal Court trusteeship prior to bankruptcy and are held by the Clerk of that Court as trustee on the date of the filing of the petition in bankruptcy? Should the fund be paid to the creditors of the debtor or is the trustee in bankruptcy entitled to the fund?

The applicable sections of the Ohio Statutes are Sections 2329.70 and .71, Revised Code.

The statutes state in detail the procedure for the establishment and operation of Municipal Court trusteeships. By reason of the length of Section 2329.70, Revised Code, these sections will not be incorporated in this memorandum but reference is made thereto.

It is settled law that the Court of bankruptcy has summary jurisdiction over all property in the actual or constructive possession of the bankrupt or of the bankruptcy court at the time of the filing of petition in bankruptcy. The bankruptcy court

also has authority to hear testimony and determine whether it has such jurisdiction.

Under 11 U. S. Code, Section 11, Chapter 2; Section 2A (21) of the Bankruptcy Act, it is provided that the courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act, in vacation, in chambers, and during their respective terms, as they are now or may hereafter be held, to—(2-A-21), require receivers or trustees appointed in proceedings not under this Act, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property, to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act.

An assignment of wages to be earned in the future is valid but not enforceable until earned.

*Rodejkiet* v. *Andrews*, 74 Ohio St., 104, followed and approved in *Public Finance Co.* v. *Rowe*, 123 Ohio St., 206.

A distribution by a court trustee more than four months prior to the filing of a petition in bankruptcy is not recoverable by the trustee in bankruptcy on a summary order but the distribution of funds in the hands of such trustee on the date of filing of petition in bankruptcy, not having been distributed prior to that date is not necessarily controlled by that same rule of law. The fact that the trusteeship was created more than four months before bankruptcy or that funds were received by the Municipal Court trustee more than four months before bankruptcy is not the determining factor.

The payments made to a county or Municipal Court trusteeship prior to the filing of petition in bankruptcy and not distributed prior to bankruptcy are in custodia legis. This is true also of funds held by sheriff who sold personal property and held the proceeds of such sale at the time of the filing of a voluntary petition in bankruptcy. The claim of the creditor cannot be perfected by the payment to him thereafter. The power to consummate inchoate rights ceases upon the filing of a petition in bankruptcy.

*Nyer* v. *Donnelly Corporation*, 78 Ohio App., 216, cited and approved in *Securities, Inc.,* v. *L & N Railroad Company*, 94 Ohio App., 323 at 327 and the same ruling in *Keating* v. *Spink*, 3 Ohio St., 105 at 124, 62 American Decisions, 214.

Funds in the hands of a Municipal Court trustee represent only an attempt to transfer assets of a debtor and they remain in custodia legis. The clerk trustee in a Municipal Court is not an adverse party. *Miller* v. *Potts*, 26 Federal (2nd), 857, 6th Circ. 12 A. B. R. (N. S.), 367.

Upon the filing of the petition in bankruptcy the assignee is deemed to be holding the bankrupt's property as the bankrupt's agent, and upon the qualification of the trustee in bankruptcy such trustee does not take title as the successor of the assignee but as the successor of the bankrupt. The assignee cannot be said to hold as an adverse party and thus deny the summary jurisdiction of the court.

Collier Bankruptcy Manual-Second edition, 1954, pages 66 and 67.

*May* v. *Henderson*, 268 U. S., 111-45 S. Ct. 5 A. B. R. (N. S.), 739.

The case of *May* v. *Henderson* holds that property held by assignees for the benefit of creditors within four months of filing the bankruptcy petition is subject to the summary order of the bankruptcy court to turnover said property to the bankruptcy trustee.

When a creditor secures a payment of his debt from the bankrupt's estate after the filing of a bankruptcy petition a summary order may be made requiring surrender of the payment to the bankruptcy trustee (*May* v. *Henderson*).

It is urged by respondents that a municipal court trusteeship is a trust and that the trustee in bankruptcy acquires no interest in funds derived therefrom. This court cannot agree with that position.

The statute creating municipal court trusteeships is in the nature of an insolvency statute and the accrual of a fund under that statute does not create a trust under the definition of that term. Designating it as a trust does not make it a trust. The statutes authorizing the Municipal Court trusteeships merely furnish a vehicle for persons who are unable to pay

their debts when due, to make payments of non-exempt wages to a clerk of courts acting as a trustee of a fund and by that procedure the debtor avoids wages attachments.

The question before the court in this case has been the subject of frequent litigation. In the District Court of the United States for the Northern District of Ohio it has been decided in:

*Matter of DeWitt*, 52 Ohio Law Abs., 449, Referee Woods.

*Matter of Ted Holtz Brown*—Bankruptcy Case No. 78359, *Matter of Jack Howard Coates*—No. 66630, Estates Construction Company Case No. 72505.

In the DeWitt case cited above, the Clerk of the Municipal Court of Youngstown as a statutory trustee under Section 11728-1, General Code, now Section 2329.70, Revised Code, held funds at the time of the filing of the petition in bankruptcy, which the bankrupt had assigned to the statutory trustee prior to bankruptcy. The court found on the facts and laws in that case, that the trustee in bankruptcy was entitled to the fund so held by the clerk-trustee on the date of the filing of the petition in bankruptcy.

The same ruling was made in the later cases previously cited. To the same effect is the rule in *Nyer v. Donnelly*, 78 Ohio App., 216, previously cited.

## CONCLUSIONS AND DECISIONS.

This court finds that it has summary jurisdiction in the matter involved in this proceeding and that the trustee in bankrutcy is entitled to receive the funds held by the Clerk of Municipal Court of Warren, Ohio on the date of the filing of petition in bankruptcy herein.

An entry may be drawn in accordance with this Memorandum, directing the Clerk of Municipal Court of Warren, Ohio, to pay to the trustee in bankruptcy herein forthwith, the amount held by said clerk as trustee on the date of the filing of petition in bankruptcy.

Exceptions.