**In re EXECUTIVE ASSOCIATES, INC., Debtor.**

**EXECUTIVE ASSOCIATES, INC., Plaintiff,**

**v.**

**SOUTHERN NATIONAL BANK, Defendant.**

**Bankruptcy No. 82–01562–H1–5.**
**Adv. No. 82–1007–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 3, 1982.

James R. Clark, Houston, Tex., for plaintiff.

Andrews & Kurth, Houston, Tex., for defendant.

MEMORANDUM OPINION ON MOTION FOR NEW TRIAL

EDWARD H. PATTON, Jr., Bankruptcy Judge.

On June 3, 1982 Executive Associates, Inc. filed a voluntary petition for relief under Chapter 11. At the time the petition was filed the debtor maintained a bank account with Southern National Bank and was also indebted to that bank on an outstanding loan. After the order for relief the debtor continued to maintain the same account with the bank and made deposits and withdrawals as debtor-in-possession. With full knowledge of the bankruptcy proceedings the bank placed an administrative hold or "freeze" on the account and refused to honor checks drawn by the debtor on that account. The debtor then brought this action seeking a mandatory injunction to

172

remove the "freeze." The bank in its answer denied that its actions were in violation of the automatic stay and by counterclaim requested that it be granted the right to set-off its debt against the deposit. After an evidentiary hearing the court granted the injunction on the basis that the "freeze" was in violation of the automatic stay of 11 U.S.C. § 362.

The bank has filed a motion for new trial alleging first that the "freeze" was not in violation of the automatic stay and second that the order was contrary to law in that it was tantamount to authorizing the debtor the use of cash collateral without affording adequate protection as required by 11 U.S.C. § 363(e).

■ The issues raised are important from a procedural point of view. The courts that have addressed the issue have not reached entirely uniform results. It is the opinion of this court that an administrative freezing of a bank deposit of a Chapter 11 debtor violates the automatic stay of 11 U.S.C. § 362. Section 362(a)(7) provides that the filing of a petition operates as a stay of the "set-off of any debt owing to the debtor that arose before the commencement of the case ... against any claim against the debtor." Section 362(a)(5) stays "any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case."

Further, 11 U.S.C. § 552 provides that property acquired by the debtor after the filing of the petition is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case unless the security extends to proceeds, product, offspring, rents or profits acquired by the estate after the filing of the petition.

The note executed by the debtor evidencing the debt in question is generally unsecured except that it does provide that the maker grants as security a "lien and contractual right of set-off in and to all moneys now in, or at any time hereafter coming within, the custody or control of Bank or other holder hereof (including without limitation, all deposits and accounts)."

■ Further, under Texas law, the bank, absent the provisions of the Bankruptcy Code, has a right to set-off against the deposit. Accordingly, at the time the petition was filed the bank had a potential right of set-off. The right to exercise that right was stayed by 11 U.S.C. § 362. The purpose of the automatic stay against set offs is to protect ongoing businesses in Chapter 11 cases. In re Carpenter, 14 B.R. 405 (Bkrtcy.M.D.Tenn.) 1981. See also the legislative history. H.R.Rep. No. 595, 95th Cong., 1st Sess., 183 (1977), U.S.Code Cong. & Admin.News 1978, 5787.

If the bank has a valid lien on the bank account it is clear that the exercise of any such lien right is enjoined by § 362(a)(5). Under the terms of the security agreement above quoted, such a lien does not attach to any deposits made after the filing of the bankruptcy petition.

It is the opinion of this court that even if the placing of an administrative "freeze" on the debtor's account is not an actual, technical set-off, it is tantamount to a set-off, and results in an unauthorized interference with the property of the Chapter 11 debtor without leave of the court. The court declines to follow the holding in Kenney's Franchise Corp. v. Central Fidelity Bank, 22 B.R. 747 (W.D.Virginia), 1982 to the extent it may be inconsistent with this conclusion. For better reasoned cases see In re Carpenter, supra and In re Cusanno, 17 B.R. 879, 8 B.C.D. 989 (Bkrtcy.E.D.Pa.) 1982.

The bank has further alleged that the court's order dissolving the "freeze" is tantamount to allowing the use of cash collateral without providing it with adequate protection. This contention is not sound under the facts of this case. It was the limited holding of the court that the "freeze" was dissolved as it was in violation of the automatic stay. The court did not and does not here rule that the debtor is entitled to use any cash collateral that may be subject to a valid lien of the bank. Section 363 of Title 11 U.S.C. prohibits the use of cash collateral by the debtor. Absent

proof the court will assume that the debtor has not used cash collateral contrary to law. Any lien of the bank in this case is limited by § 552 to the amount on deposit at the moment the petition for relief was filed and does not reach any post-petition deposits. The evidence presented at trial did not allow the court to determine the amount that might be subjected to the pre-petition lien of the bank. For this reason, the bank's counter-claim for adequate protection for the use of cash collateral was denied, although expressly made subject to further hearings, for the reason that the bank, as counter-claimant, failed to meet its burden of proof that would establish the amount of any collateral that might be subject to the lien and the extent to which the debtor might have been making use of such cash collateral.

It is the conclusion of the court that if a bank in such a situation believes that a Chapter 11 debtor is using cash collateral contrary to the provisions of § 363 it should seek injunctive relief from the court. Its burden will be to establish a lien and initially demonstrate that the debtor is using cash collateral that is subject to such a lien. Only in that event would the bank be entitled to adequate protection. Orderly administration of Chapter 11 cases would be thwarted if creditors were allowed to unilaterally determine that a debtor is violating the law and bring to a halt the continued operation of the debtor. The placing of an administrative "freeze" or hold on the account of a debtor-in-possession is akin to the bank, ex parte, granting itself a temporary restraining order without the safeguards of Bankruptcy Rule 765 and Rule 65, Federal Rules of Civil Procedure.

Accordingly, the motion for new trial is denied. The bank is, of course, free to take any appropriate action in this court to obtain relief from the stay to exercise its rights or to seek injunctive relief if it believes the debtor is making use of cash collateral without having provided adequate protection.