**In the Matter of DON MOWERY, INC., Debtor.**

**TAMBAY TRUSTEE, INC., Plaintiff,**

v.

**W.T. GREEN, Defendant.**

Bankruptcy No. 85–0288.

Adv. No. 86–0013.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 1, 1986.

---

Jary Nixon, Tampa, Fla., for plaintiff.
John Russell, for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is a Motion for Summary Judgment filed by Tambay Trustee, Inc., (Trustee). The Motion is filed in the above-captioned adversary proceeding, in which the Trustee seeks to avoid a transfer alleged to be a voidable preference, received by W.T. Green, the Defendant named in the adversary proceeding. The undisputed facts as they appear from the record, which are relevant to the resolution of the matter under consideration, are as follows:

On February 6, 1985, Don Mowery, Inc., (Debtor) filed its voluntary petition for relief under Chapter 7. Shortly thereafter, the Trustee filed a complaint and sought to avoid a transfer alledged to be a preference pursuant to Bankruptcy Code § 547. At the time relevant to the matter under consideration it is without dispute that the Debtor was indebted to Defendant Green for goods sold and delivered. The obligation owed by the Debtor to Green was totally unsecured and Green does not claim to have had any lien or security interest on any assets of the Debtor. It appears that the Debtor tendered a check to Green in the amount of $1,861.50 on October 17, 1984, in payment of its obligation owed to Green incurred more than 45 days prior to the commencement of this Chapter 7 case. It further appears, however, that the check was not presented for collection and was not accepted by the drawee until February 2, 1985, or within 90 days of the commencement of this Chapter 7 case.

The claim for relief sought by the Trustee is based on § 547 of the Bankruptcy Code, which permits a Trustee to avoid transfers provided that the following elements are present and established either by stipulation or by competent evidence.

The elements of a § 547(b) preference are as follows:

(1) a transfer of any interest of the debtor in property;

(2) to or for the benefit of the creditor;

(3) for or on account of an antecedent debt;

(4) made within 90 days of bankruptcy petition filing;

(5) while the debtor was insolvent; and

(6) which enables the creditor to receive more than the creditor would receive under a Chapter 7 liquidation.

It is without dispute and the parties have stipulated that all elements of a voidable preference are present and established with the exception of the time of the transfer which is in dispute, which according to the Defendant occured outside the 90 day preference period which is an essential ele-

ment to recover a transfer under § 547. It is the Trustee's contention the transfer occurred not when the check was tendered, but when, in fact, it was presented for collection and negotiated, that is on February 2, 1985, which was of course, is within the 90 day preference period. Thus, the time of transfer will be dispositive in determining if, in fact, a voidable preference occurred.

A transfer of property is manifestly expressed in the broad definition of "transfer" under the Bankruptcy Code § 101(48) as follows:

"transfer means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption;"

Clearly, a payment of a debt by a check is a transfer within the definition enumerated above.

A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. Uniform Commercial Code § 3–409(1) states:

A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Uniform Commercial Code § 3–410(1) states:

Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.

The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid. Therefore, the date of payment, and not the date of tender, is dispositive in determining when the transfer occurred.

Several courts have held that the payment of a check constitutes a transfer under the Bankruptcy Code. *See Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288 (7th Cir.1974); *In re Sportsco, Inc.*, 12 B.R. 34 (Bankr.D.Ariz.1981): *In re Duffy*, 3 B.R. 263 (Bankr.S.D.N.Y.1980).

In sum, the transfer of the $1,861.50 to Green occurred on February 2, 1985, within 90 days preceding the bankruptcy petition, and is a preferential transfer and therefore may be avoided.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Trustee be, and the same is hereby, granted, and the payment of $1,861.50 be, and the same is hereby, declared to be a voidable preference pursuant to § 547 of the Bankruptcy Code. A separate final judgment will be entered in accordance with the foregoing.