In re W & T ENTERPRISES, INC., Debtor.

SCOTT W. PUTNEY, TRUSTEE, INC., Plaintiff,

v.

BARNETT BANK OF CENTRAL FLORIDA, N.A., Defendant.

Bankruptcy No. 87–150–BKC–6P7.
Adv. No. 87–219.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 4, 1988.

Scott W. Putney, Orlando, Fla., for plaintiff.

James L. Fly, Orlando, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the Trustee's complaint seeking to avoid and recover a transfer of property of the estate. Both parties have filed motions for summary judgment and memoranda of law in support of their positions. Upon the arguments so presented, the Court will enter summary final judgment in favor of plaintiff.

### I. Facts

The facts of this case are not in dispute. On December 4, 1986, Barnett Bank of Central Florida, N.A. ("Barnett"), made an unsecured loan to W & T Enterprises, Inc. ("W & T"), in the amount of $10,000.00. The note was repayable at any time but had a final maturity date of January 5, 1987.

On January 19, 1987, W & T issued check number 4761 in the amount of $10,138.08 to Barnett to pay the loan. The check was drawn on W & T's bank account with Barnett.

On January 21, 1987, W & T filed a voluntary petition under Chapter 7 of the Bankruptcy Code and an Order for Relief was entered that same date. According to Barnett's records, the check was not paid by it until January 22, 1987.

The Trustee brought this action to recover the transferred funds under 11 U.S.C. § 547 and § 549. The defendant filed its answer and affirmative defenses alleging that the transaction could not be avoided by the trustee pursuant to § 547 of the Bankruptcy Code because the payment constituted a contemporaneous exchange for new value [§ 547(c)(1)] and because payment was in the ordinary course of debtor's business [§ 547(c)(2)]. The plaintiff filed a motion to strike those affirmative defenses, and the defendant, at the pre-trial confer-

ence, decided to waive those defenses and to defend the § 549 action instead.

## II. Discussion

■ For purposes of § 547, the relevant date for determining whether the payment of a check falls within the preferential transfer time period is the date when the check is honored by the paying bank. *Nicholson v. First Investment Co.*, 705 F.2d 410, 413 (11th Cir.1983); *Nordberg v. Wilcafe, Inc.*, 51 B.R. 736 (Bkrptcy.S.D.Fla. 1985); *In re Don Mowery, Inc.*, 65 B.R. 607 (Bkrptcy.M.D.Fla.1986). Section 547 provides that the trustee in bankruptcy may avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor, for or on account of an antecedent debt, made on or within 90 days before the date of the filing of the petition. Since the payment of the check in this case did not occur until after the petition was filed, § 547 is not applicable to this proceeding.

The Court's attention will turn therefore to § 549 of the Bankruptcy Code. It provides that the trustee may avoid any unauthorized transfer of property of the estate that (1) occurs after the commencement of the case, and (2) is authorized under section 303(f) or 542(c) of the Bankruptcy Code. Section 542(c) states that an entity which has neither actual notice nor actual knowledge of the case may transfer property of the estate in good faith to someone other than the trustee as if the case had never been commenced. The purpose is to protect entities who transfer property of the estate without knowledge of the bankruptcy to third parties. It does not however, protect the recipient of those payments. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

■ Upon the filing of the bankruptcy petition and the entry of the order for relief, the trustee became immediately vested with the lien avoidance powers contained in § 544 of the Code. At that time, the $10,138.08 in funds remained in the debtor's account, subject to the trustee's lien, as if a writ of garnishment had been instantly served on Barnett. *See Nichol-*

*son v. First Investment Co.*, 705 F.2d 410 (11th Cir.1983). Barnett could not then exercise its right of setoff under state law in the face of the priority obtained by the judgment-creditor benefited by the writ of garnishment. Since the trustee succeeds to this hypothetical creditor's rights, it is entitled to void the transfer of assets from the estate.

In this case, Barnett is both the transferor and the recipient of the debtor's funds. However, as the post-petition recipient of the debtor's funds, it is subject to the trustee's avoidance powers under § 549.

In a last ditch effort to defeat the trustee's claim, Barnett has argued that the transaction was not a transfer of assets but an exercise of the bank's right of setoff. The Court rejects this argument. First, a majority of Courts now hold that the payment of a check constitutes a transfer under the Bankruptcy Code. *E.g. Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288 (7th Cir.1974); *In re Sportsco, Inc.*, 12 B.R. 34 (Bkrptcy.D.Ariz.1981); *In re Duffy*, 3 B.R. 263 (Bkrptcy.S.D.N.Y.1980); *In re Don Mowery, Inc.*, 65 B.R. 607 (Bkrptcy.M.D.Fla.1986). Furthermore, § 101(50) of the Bankruptcy Code provides:

> [T]ransfer means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property ...

Clearly, a payment of a debt by a check fits within this broad definition. *Accord, In re Don Mowery,* supra. Consequently, Barnett's argument that there was no transfer must be rejected.

Secondly, Barnett's argument that the transaction was in fact an exercise of the bank's right of setoff is also rejected. According to most authorities, the exercise of the right of setoff requires three steps: (1) a decision to exercise a setoff, (2) some overt action taken which accomplishes the setoff, and (3) some record is made which evidences that the setoff has been exercised. *Baker v. National City Bank of Cleveland*, 511 F.2d 1016, 1018 (6th Cir. 1975); *In re LHG Resources, Inc.*, 34 B.R. 202, 203 (Bkrptcy.W.D.Tex.1983). Here,

the evidence is insufficient to conclude that Barnett intended to exercise its right prior to the petition being filed. Instead, it appears that Barnett has merely asserted setoff as a defense to the present action. Although some Courts will permit setoff as an affirmative defense, the Court does not believe that it would be appropriate in this factual scenario.

Additionally, Barnett's actions appear to have violated the automatic stay. Section 362(a)(7) provides that the filing of a petition operates as a stay, applicable to all entities, of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim of the debtor." Thus, in order to exercise the right of setoff after a petition has been filed, a creditor must first seek and obtain relief from the automatic stay. *In re Cusanno*, 17 B.R. 879, 882 (Bkrptcy. E.D.Pa.1982). In this case Barnett has not sought nor has it received such approval. The Court concludes therefore, that Barnett's attempts to offset this debt violate the automatic stay. It is not protected by § 542(c) as the legislative reports following that section clearly indicate that the protections of this section do not go so far as to permit a bank setoff in violation of the automatic stay. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 84 (1978).

The Court need not address whether this transaction was a "contemporaneous transfer" or whether "new value" was given as those exceptions are not applicable to § 549 actions. *Matter of Bridges Enterprises, Inc.*, 44 B.R. 979, 983 (Bkrptcy.S.D.Ohio 1984); *Matter of Hayes*, 5 B.R. 676, 678 (Bkrptcy.S.D.Ohio 1980).

### III. Conclusion

The Court finds that the plaintiff, as trustee, is entitled under § 549 to avoid the transfer of assets from the debtor's checking account to Barnett. The Court will enter a separate order directing the defendant, Barnett Bank, to turn over the proceeds of the check to the trustee for the benefit of the bankruptcy estate. 11 U.S.C. § 551. Upon turning over the funds, Barnett will be entitled to file a claim against the estate pursuant to § 502(d).