In re Leonard Lee RAANES, Debtor.

Leonard Lee RAANES, Plaintiff,

v.

NATIONAL BANK OF SOUTH
DAKOTA, Defendant.

Bankruptcy No. 481–00133.
Adv. No. 481–0144.

United States Bankruptcy Court,
D. South Dakota.

Jan. 6, 1982.

Caryl H. Abbott, Abbott & Abbott, Sioux
Falls, S. D., for plaintiff.

Arlie J. Brende, Cadwell, Brende & San-
ford, Sioux Falls, S. D., for defendant.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Leonard Lee Raanes, hereinafter Debtor,
filed a complaint compelling turnover of
assets pursuant to 11 U.S.C. §§ 543 and 544
against the National Bank of South Dakota,
hereinafter Creditor. Creditor alleges its
actions were not a "true setoff" as contem-
plated by 11 U.S.C. § 553, but a recoup-
ment. This Court held a trial on the dis-
pute and makes the following Memorandum
Decision based upon the pleadings, exhibit,
and memorandums of law.

## FINDINGS OF FACT

Debtor filed a petition for a Chapter 7 bankruptcy on June 18, 1981. On the date of filing, Debtor had a checking account with Creditor subject to a "Checking Plus Agreement." The "Agreement" made available to Debtor a revolving line of credit to pay his nonsufficient fund checks up to the amount of $500.00. On June 18, 1981, Debtor's checking account closed with a credit balance of $72.22. Also on June 18, 1981, Debtor had an outstanding debit balance of $446.80 for Checking Plus loans under the Checking Plus Agreement.

On July 8, 1981, Creditor charged the Checking Plus loan debit amount of $446.80 to Debtor's checking account credit balance of $72.22, leaving a remaining debit balance of $374.58 in the checking account. Creditor's Checking Plus Agreement executed by Debtor is attached to Creditor's Memorandum of Law and is incorporated as part of this Court's Findings of Fact.

## DEBTOR'S ARGUMENTS

1. Creditor has exercised a right of setoff against Debtor's checking account in violation of 11 U.S.C. § 362(a)(7).

2. Creditor has a general lien under S.D. C.L. 44–11–11 which is an unperfected security interest.

## CREDITOR'S ARGUMENTS

1. Creditor has not exercised a true setoff within the meaning of 11 U.S.C. § 553 when it charges a checking account credit balance against an outstanding debit balance for Checking Plus loans under a Checking Plus Agreement.

2. Creditor's action is more properly characterized as a recoupment.

3. Creditor defines setoff as: "a counter demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action ... a money demand independent of and unconnected with plaintiff's cause of action." Black's Law Dictionary, pp. 1538 (4th Ed. Rev. 1968).

4. Creditor maintains a recoupment is when "plaintiff has a cause of action" and "defendant has a counter cause of action growing out of breach of some other part of the same contract on which plaintiff's action is founded, or for some cause connected with the contract." Black's Law Dictionary, p. 1439 (4th Ed. Rev. 1968).

5. Creditor argues the recoupment characterization is more appropriate because there is only one contract (Checking Plus Agreement) governing the rights of the parties in the checking account.

6. If Creditor's action is a recoupment, it would not have to seek relief from the automatic stay before it acts.

7. Creditor has a perfected banker's lien.

## ISSUE

Whether Creditor exercises a true "setoff" within the meaning of 11 U.S.C. § 553 when it charges a checking account credit balance against an outstanding debit balance for Checking Plus loans under a Checking Plus Agreement.

## CONCLUSIONS OF LAW

The pertinent section the parties ask the Court to interpret is 11 U.S.C. § 553. This section provides:

"(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . ."

In this case, Debtor filed bankruptcy on June 18, 1981. On July 8, 1981, Creditor charged the Checking Plus loan to Debtor's checking account. If this Court finds Creditor's action a true "setoff," then it is clear Creditor's action is in violation of the automatic stay because Creditor acted approximately three weeks after the date of filing bankruptcy.

This Court finds Creditor's argument distinguishing setoff and recoupment is an ingenious argument to avoid seeking relief from the automatic stay and participating

in the bankruptcy process. For the following reasons, this Bankruptcy Court holds Creditor exercises a true "setoff" within the meaning of 11 U.S.C. § 553 when it charges a checking account credit balance against an outstanding debit balance for Checking Plus loans under a Checking Plus Agreement.

First, it should be noted that Chapter 11 of the United States Code does not define the term "setoff." 11 U.S.C. § 553 is entitled, "Setoff." The operative word in 11 U.S.C. § 553 is "offset." This Bankruptcy Court holds the term "offset" as used in 11 U.S.C. § 553 is the difference between a credit and a debit.

This Court agrees with Creditor's argument that a distinguishing feature of setoff is it arises out of a transaction extrinsic to that out of which the primary claim arose. (*In re Monongahela Rye Liquors, Inc., et al.,* 141 F.2d 864, 869 (C.C.A. 3rd Cir., 1944). In this case, the claim of Debtor arises out of the checking account agreement. The setoff arises by virtue of Checking Plus loans. The Checking Plus Agreement has all the features of a loan transaction versus a checking account agreement. The Checking Plus Agreement has a promissory note, disclosure statement, and credit life insurance. This Bankruptcy Court holds the setoff arose out of a transaction extrinsic to that out of which the primary claim arose. Consequently, Creditor's argument distinguishing "setoff" and "recoupment" is unfounded.

Second, "Setoff by a bank ordinarily occurs when the bank offsets indebtedness owed it by a debtor on a promissory note against indebtedness it owes the debtor in the form of funds held in the debtor's bank account."[1] In this case, Creditor offset a debit balance under a Checking Plus Agreement against a credit balance in Debtor's checking account. This Bankruptcy Court finds Creditor's Checking Plus Agreement is, among other things, a promissory note because it contains a promise to pay executed by Debtor. Item 5 of the Checking Plus Agreement provides:

"Bank will establish a monthly billing cycle and a monthly date on which payments are due. *Customer agrees to repay the loan balance* (emphasis added by the Court) in monthly installments in amounts which are at least as great as those indicated in the following schedule: . . . ."

Third, Creditor's Checking Plus Agreement refers to offset, not recoupment, when it charges a checking account credit balance against an outstanding debit balance for Checking Plus loans. Item 10 provides in part:

"If the Bank declares the loan balance immediately due and payable, it may offset or charge the amount due against any account maintained by the Customer . . . ."

■ Since Creditor's action is a setoff within the meaning of 11 U.S.C. § 553, the offset of Debtor's checking account after the filing date is in violation of the automatic stay.

For the following reason, this Bankruptcy Court holds equity dictates Creditor not be sanctioned for violation of the automatic stay because there is no reason in this case for staying postfiling setoffs in a Chapter 7 bankruptcy.

■ 28 U.S.C. § 1481 provides a bankruptcy court shall have the powers of a court of equity. The automatic stay imposed by 11 U.S.C. § 362 applies to both liquidation and reorganization cases. The philosophy for staying a bank's right of setoff is to facilitate a debtor's reorganization efforts. When a debtor is in a liquidation, there is no reason for staying a postfiling setoff. See 11 U.S.C. § 506(a) and H.R.Rep.No.595, 95th Cong., 1st Sess., 183 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Debtor is correct in his assertion that Creditor has a general lien which is an unperfected security interest. S.D.C.L. 44–11–11 (Supp.1981) provides:

1. "Bank Setoff Under the Bankruptcy Reform    Act of 1978," 53 Am.Bankr.L.J. 205 (1979).

"A ~~banker~~ bank or savings and loan association has a general lien, dependent on possession, upon all property in ~~his~~ its hands belonging to a customer, for the balance due to ~~him~~ it from such customer in the course of ~~the~~ business."

But, in bankruptcy, the allowed claim of a creditor secured by a lien is a secured claim to the extent of the amount subject to setoff. 11 U.S.C. § 506(a) provides:

"(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed dispostion (sic) or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

This Bankruptcy Court holds when S.D. C.L. 44–11–11 (Supp.1981) is read in conjunction with 11 U.S.C. § 506(a), it is clear that Creditor does not need a perfected security interest in order to offset Debtor's checking account.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Brende shall submit an order dismissing Debtor's Complaint that is consistent with this Memorandum Decision.