**In the Matter of Robert Junior LEE, Debtor.**

**TEAMSTERS CREDIT UNION, Plaintiff,**

**v.**

**Robert Junior LEE, Defendant.**

**Bankruptcy No. 81–04380–B.
Adv. No. 81–1311–B.**

United States Bankruptcy Court, E.D. Michigan, S.D.

May 31, 1984.

C. Christopher Wolfe, Ann Arbor, Mich., for debtor-defendant.

Zweig, Harkness & Kaser, P.C. by Thomas J. O'Connor, Detroit, Mich., for plaintiff.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

In January of 1981, Robert Lee (debtor) entered into a revolving credit plan agreement with the Teamsters Credit Union pursuant to which the credit union agreed to make advances to the debtor from time to time "to be used for provident and productive purposes." In August of 1981, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The schedules filed by the debtor listed a debt to the credit union in the amount of $2,800. When he filed his petition, the debtor had approximately $1,200 in a share account with the credit union. The debtor claimed the money in this account as exempt. Early in the proceedings, the credit union filed a complaint to except its debt from discharge. The complaint was tried and the debt was determined to be dischargeable. After the court so ruled, the debtor called the credit union and requested that the funds held in the share account be turned over to the debtor. Upon the credit union's refusal to do so, the debtor obtained the issuance of an order to show cause as to why the credit union should not be ordered to turn over the funds held in the share account, and as to why the credit union should not be held in contempt for its refusal to do so. The debtor apparently concedes that the debt owing to the credit union and the share account held by the credit union are mutual debts subject to setoff pursuant to section 553, but contends that the credit union violated the section 362(a)(7) stay by refusing to turn over the share account when requested to do so; that the creditor waived its right to setoff by filing the nondischargeability action;[1] and that the fund is exempt property.[2] At the scheduled show cause hearing,

---

1. The discharge granted to a debtor does not affect the enforcement of a secured claim. *Waterfield Mortgage Co. v. Cassi (In re Cassi)*, 24 B.R. 619 (Bkrtcy.N.D.Ind.1982). The legislative history makes this clear:

    The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property.

    H.R.Rep. No. 595, 95th Cong., 1st Sess., 361, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977).

2. The court's independent research clearly establishes that no basis exists for the debtor's claim that he is entitled to the share account by virtue of his claim of exemption. A creditor has "a secured claim ... to the extent of the amount subject to setoff." § 506(a). Section 522(c) provides that a claim of exemption is not effective as against property subject to a lien that is: "A) not avoided under section 544, 545, 547, 548, 549 or 724(a)...; [or] B) not voided under section 506(d)." § 522(c)(2)(A), (B). The lien of the credit union was not avoided. The fact that the debtor claimed the property as exempt "does not require a response by the secured creditor." *Pierce v. Woodard* (In re Pierce), 29 B.R. 612, 614 (Bkrtcy.E.D.N.C.1983). Therefore, the security interest of the credit union in the share account is not affected by the debtor's claim of exemption. *See* Weintraub & Resnick, *Letter to the Editor Freezing as Preservative—The*

it became obvious that many facts relied upon by the debtor were in dispute and also that the questions raised were not adequately briefed. Accordingly, the court scheduled a pretrial conference in an attempt to define the issues and to determine what facts, if any, were in dispute.

However, prior to that conference, it may be helpful to dispose of a basic question in this controversy—namely, whether the mere refusal of a creditor to turn over a fund which is subject to setoff by virtue of section 553 of the Code is a violation of section 362(a)(7)'s automatic stay. This issue, while superficially simple, requires, as is true with so many questions of statutory construction, a meandering Code journey.

■■■■ The Bankruptcy Code preserves a creditor's right "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ... against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). "Setoff is an interruption in the conduct of business, and may have detrimental effects on the attempted reorganization." H.R.Rep. No. 595, 95th Cong., 1st Sess. 183, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977). Thus, if a creditor could exercise the right of setoff immediately upon the filing of a chapter 11 petition, "the debtor's chances for a successful reorganization would probably vanish because the continuation of business in the ordinary course would become difficult, if not impossible." Weintraub & Resnick, *Freezing the Debtor's Account: A Banker's Dilemma Under the Bankruptcy Code*, 100 Banking L.J. 316, 318 (1983). To provide the debtor with a realistic opportunity for rehabilitation, the Code stays a creditor with a right to setoff from immediately exercising that right. § 362(a)(7). Thus, upon the filing of a bankruptcy petition, a creditor cannot, without court authorization, exercise his right of setoff. Nor is the trustee [3] automatically entitled to the funds subject to setoff. A deposit account

*Debtor's Bank Account*, 101 Banking L.J. 3 (1984).

is "cash collateral." § 363(a). A fund that may be used as a setoff is a secured claim "to the extent of the amount subject to setoff." § 506(a). A trustee may not use "cash collateral" that is subject to a security interest absent consent by the creditor or "the court, after notice and a hearing, authorizes such use." § 363(c)(2)(B).

> [W]hile the creditor bank is not permitted to set off and apply the deposit account proceeds to the reduction or satisfaction of the claim against the debtor, the DIP (debtor-in-possession) (or a trustee if one is appointed) may not draw upon the cash in the deposit account absent either the consent of the creditor bank or a court order.

*Kenney's Franchise Corp. v. Central Fidelity Bank NA, Lynchburg*, 22 B.R. 747, 749 (D.W.D.Va.1982) (quoting Freeman, *Setoff Under the New Bankruptcy Code: The Effect on Bankers*, 97 Banking L.J. 484, 506 (1980)); *see also, In re Gazelle, Inc.*, 17 B.R. 617 (Bkrtcy.W.D.Wis.1982). Such funds, therefore, are in effect frozen, not by the creditor but by the Code. "[T]he stay has no substantive effect; it just freezes things and keeps the bank or other party from exercising setoff by self-help after the filing of the petition." Kennedy, *Automatic Stay; Use of Cash Collateral; Adequate Protection; Obtaining Credit*, in The Bankruptcy Reform Act of 1978 61 (G.W. Holmes ed. 1979). The Code, however, provides procedures for thawing the freeze. The creditor has a right to move to vacate the stay. § 362(d). The trustee may also institute an action to compel the creditor to turn over the fund. § 363(c)(2). However, the court, if it orders the turnover, should require that the creditor receive adequate protection to the extent of the creditor's interest in the property. § 363(e). Until ordered by the court to do so, the creditor has no obligation to turn the property over to the debtor and may take steps to prevent its dissipation.

3. The term "trustee" as used herein refers to both the trustee and debtor in possession.

The implications of paragraph (b) of section 542 lead to the same conclusion. Section 542(b) provides that "an entity that owes a debt that is property of the estate ... shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 ... against a claim against the debtor." Section 542(b) recognizes a difference between the mere withholding of a fund and the exercise of the right of setoff. The excepting clause clearly contemplates that a creditor holding a fund subject to the right of setoff may retain the fund and that this mere retention, whether it be denominated "freeze," "administrative hold," or whatever, is not the equivalent of setoff. *Third National Bank v. Carpenter (In re Carpenter)*, 14 B.R. 405 (Bkrtcy.M.D.Tenn. 1981).

Cases to the contrary, such as *Executive Associates, Inc. v. Southern National Bank (In re Executive Associates, Inc.)*, 24 B.R. 171 (Bkrtcy.S.D.Tex.1982) and *Cusanno v. Fidelity Bank (In re Cusanno)*, 17 B.R. 879 (Bkrtcy.E.D.Pa.1982), *aff'd*, 29 B.R. 810 (D.E.D.Pa.1983), are not persuasive. They, in effect, would require a creditor, holding funds which may be applied to offset a prepetition debt, to either turn over the funds to the trustee or to institute an action to vacate the stay immediately upon the filing of a bankruptcy petition. Requiring the creditor to turn over the funds without a court order makes no sense. It would subject the funds to dissipation without protection for the creditor. *Bank of America National Trust & Savings Association v. Edgins (In re Edgins)*, 36 B.R. 480 (Bkrtcy. 9th Cir.1984). The trustee has no right to the funds unless he can convince the court that the creditor is adequately protected. § 363(c)(2). Nor should the creditor be compelled to move to vacate the stay. The Code does not explicitly or by inference impose this burden upon the creditor. "[T]he right of a trustee or debtor to have the use of the bank account balance without judicial approval is no greater than the bank's right to withhold the funds." Weintraub & Resnick, *supra*, at 324. If the trustee actually has need of the funds, it should be the trustee's burden to institute an action to obtain their use.

The only act alleged as evidence of a violation of the automatic stay was the credit union's refusal to turn over the share account to the debtor.

[T]he act of setoff is not complete until three steps have been taken: (1) the decision to exercise the right, (2) some action which accomplishes the setoff and (3) some record which evidences that the right of setoff has been exercised.

*Baker v. National City Bank*, 511 F.2d 1016, 1018 (6th Cir.1975). Such refusal was not an act of setoff and therefore did not constitute a violation of the automatic stay.

Moreover, a chapter 7 debtor is not the proper party to raise a section 362(a)(7) violation. Adequate financing is crucial to the operation of a business. Section 362(a)(7) in conjunction with section 363(c)(2) were designed to compel a creditor to make available funds to a trustee or debtor in possession for this purpose—funds which, in the absence of section 362(a)(7), the creditor could use as a setoff. These provisions were never intended to furnish the debtor with a fund to be used for post-petition purposes unrelated to the administration of the bankruptcy estate. *Cf. Raanes v. National Bank (In re Raanes)*, 17 B.R. 164 (Bkrtcy.S.D.1982). "In a liquidation case, any setoff that occurs after the commencement of the case has no effect on the debtor. The amount that the creditor recovers through setoff ... will not interfere with the debtor's operation or business in any way, because the debtor has already gone out of business." H.R.Rep. No. 595, 95th Cong., 1st Sess. 183, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977). The trustee, therefore, and not a chapter 7 debtor is the proper party to prosecute the stay violation.

The debtor also assumes without discussion that a creditor is automatically compelled to turnover a fund held subject to the right of setoff if the section 362(a)(7)

stay is violated. This assumption is likewise unwarranted. The court may invalidate any action taken in violation of the stay. *In re Van Riper*, 25 B.R. 972 (Bkrtcy.W.D.Wis.1982); 2 *Collier on Bankruptcy* ¶ 362.11 (15th ed. 1984). Sanctions may also be imposed for any such violation. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47 (2d Cir.1976) *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Violation of the section 362(a)(7) stay, however, does not deprive a creditor of any substantive rights in a fund held subject to setoff.

The scheduled pretrial conference will be confined to defining the issues, if any, which remain that have not been disposed of by this ruling and to determine in what manner to proceed to resolve them.