**In re George PIERI and William Boucher, Debtors.**

**George PIERI and William Boucher, Appellants,**

**v.**

**Helen LYSENKO and Edward F. Towers, Appellees.**

BAP Nos. NC–86–2020, NC–86–2021.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 18, 1987.

Decided March 31, 1988.

Sarge R. Holtzman, San Francisco, Cal., for appellants.

Keith H. Stevens, San Francisco, Cal., for appellees.

Before MEYERS, MOOREMAN and JONES, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## I

This matter is before the Panel on an appeal of a final order granting Appellee Helen Lysenko relief from the automatic stay. The Debtors argue that reversal is required under Section 522(c) of the Bankruptcy Code ("Code"). We AFFIRM.

## II

### FACTS

The Debtors William Boucher and George Pieri operated, as a partnership, a clothing store known as "A Man for All Seasons." Helen Lysenko agreed to rent the premises located at 536 Fifth Avenue in San Francisco, California, to Boucher and Pieri for a monthly rental of $500. Shortly thereafter, Ms. Lysenko allegedly breached the oral rental agreement of August 1983 by refusing to permit Boucher and Pieri to enter the premises.

On September 14, 1983, Boucher and Pieri filed a state court complaint against Ms. Lysenko alleging breach of contract. On December 9, 1983, Ms. Lysenko filed her answer and cross-complaint claiming that Boucher and Pieri had damaged the premises by painting over hardwood floors, window frames and sashes, removing closet shelves, damaging the walls and removing a wool hall runner carpet. Unknown to Ms. Lysenko, both Debtors had individually filed Chapter 11 bankruptcy petitions on November 16, 1983. Each of these cases was converted to Chapter 7 status on March 22, 1985.

Shortly after their cases were converted to Chapter 7, each Debtor amended their schedules to claim the inventory of the clothing store as exempt property. These claims of exemption were contested by the bankruptcy trustee. The Bankruptcy Court sustained the trustee's objections, ruling that the Debtors could not claim as exempt property the partnership assets. The Panel affirmed this decision in an unpublished memorandum of December 6, 1985. *In re Pieri*, BAP Nos. NC–85–1042/1044 (9th Cir.BAP 1985). Thereafter, on April 24, 1986, the Debtors amended their schedules yet again to now claim as exempt property their interest in the lawsuit against Ms. Lysenko, which Pieri claimed to be worth $5,632.00, while Boucher valued it at $5,461.44.

On October 3, 1986, Ms. Lysenko filed a motion for relief from automatic stay in each of the Debtors' cases, requesting relief to allow her to pursue her cross-complaint in the San Francisco Municipal Court. These motions were granted on October 22, 1986 and each Debtor filed a notice of appeal.[1]

## III

### ISSUE PRESENTED

The issue presented is whether a creditor may present, by way of setoff, a claim

---

1. While each Debtor has separately pursued their appeal before the Panel, we have consolidated the appeals as the issues presented, as well as the factual background, are identical.

against debtors who have received a discharge and are pursuing a cause of action against the creditor arising out of the same circumstances, which the debtors have claimed as exempt property in their bankruptcy cases.

## IV

## DISCUSSION

### A. Setoff Rights Under the Code

■ Historically, setoff has been permitted in courts of equity *Federal Deposit Ins. Corp. v. Bank of America*, 701 F.2d 831, 836 (9th Cir.1983). Under the Bankruptcy Act, the right of setoff was generally favored, although not automatically permitted. *See Melamed v. Lake County Nat. Bank*, 727 F.2d 1399, 1404 (6th Cir. 1984). In general, setoffs are allowed in bankruptcy to the extent that they are based upon mutual obligations existing between the debtor and a creditor, based on a concept of fairness, in order to prevent injustice. *See In re Handy*, 41 B.R. 172, 174 (E.Va.1984); *In re Republic Financial Corp.*, 47 B.R. 766, 768 (N.Okla.1985).

■ The approach of the Code is reflected in Section 553 which generally allows setoff. However, Section 553 is not intended to enlarge the doctrine or to permit a setoff when the general principles of legal or equitable setoff did not previously authorize it. *See In re Duncan*, 10 B.R. 13, 16 (E.Tenn.1980); 4 *Collier on Bankruptcy* ¶ 553.02 at 553–9 (15th ed. 1987). It does not create any new right of setoff, but merely preserves the common-law right under applicable nonbankruptcy law. *In re Haffner*, 12 B.R. 371, 373 (M.Tenn.1981).

■ Under the Code, the allowance of setoff is not automatic but is instead permissible at the discretion of the bankruptcy court, applying the general principles of equity. *See In re Davies*, 27 B.R. 898, 901 (E.N.Y.1983); 4 *Collier, supra*, ¶ 553.02 at 553–11. Setoff should not be allowed when it would be inequitable or contrary to public policy to do so. *Federal Deposit Ins. Corp. v. Bank of America, supra*, 701 F.2d at 837–39. *See McCollum v. Hamil-*

*ton Nat. Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938).

■ In order to insure that questions concerning setoff are presented to the court for determination, Section 362(a)(7) specifically stays setoff. The automatic stay does not defeat the right of setoff. Rather, it merely stays its enforcement pending an orderly examination of the debtor's and creditor's rights. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 342 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Here the Bankruptcy Court has granted Ms. Lysenko relief from the automatic stay. This allows her to exercise her setoff rights as declared under the laws of the State of California.

In California, the power to setoff one judgment against another exists independent of statute, being dependent instead on general principles of equity. *Haskins v. Jordan*, 123 Cal. 157, 160, 55 P. 786 (1898); *Barnhill v. Robert Sanders & Co.*, 125 Cal.App.3d 1, 4–5, 177 Cal.Rptr. 803 (1st Dist.1981). However, a creditor's right to setoff is not absolute but may be restricted by judicial limitations imposed to uphold a state policy of protecting the rights of the debtor. *Federal Deposit Ins. Corp. v. Bank of America, supra*, 701 F.2d at 836; *Jess v. Herrmann*, 26 Cal.3d 131, 142–43, 161 Cal.Rptr. 87, 604 P.2d 208 (1979).

Some jurisdictions have curtailed completely the right of setoff when it has the effect of reducing a debtor's exempt property. *See Finance Acceptance Company v. Breaux*, 160 Colo. 510, 419 P.2d 955, 957–58 (1966); *Edgerton v. Johnson*, 10 S.E.2d 918, 919 (N.C.1940). The California view on setoff, *vis-a-vis* exempt property, is ambivalent. The California Supreme Court has declared that the absolute prohibitions found in the law of other jurisdictions "go further" than California law in protecting debtors' rights, while at the same time holding that funds derived from exempt unemployment and disability benefits are immune from setoff. *Kruger v. Wells Fargo Bank*, 11 Cal.3d 352, 367, 369, 113 Cal.Rptr. 449, 521 P.2d 441 (1974). In *Barnhill, supra*, that court ruled that an employer was not entitled to a setoff of

debts owed it by an employee against exempt wages due that employee. 125 Cal. App.3d at 6, 177 Cal.Rptr. 803. The basis for these decisions is the promotion of the state policy of preserving such funds for the payment of daily living expenses so that the debtor can maintain a basic standard of living and thereby remain a productive member of the community. 11 Cal.3d at 371, 113 Cal.Rptr. 449, 521 P.2d 441; 125 Cal.App.3d at 6, 177 Cal.Rptr. 803.

Here the Debtors have apparently elected to claim their interest in the cause of action being pursued against Ms. Lysenko as exempt property under Section 522 of the Code.[2] These exemptions were designed to permit individual debtors to retain exempt property so that they will be able to enjoy a "fresh start" after bankruptcy. *United States v. Security Industrial Bank*, 459 U.S. 70, 72 n. 1, 103 S.Ct. 407, 409 n. 1, 74 L.Ed.2d 235 (1982). There are no California cases to guide us as to whether the California courts would judge this fresh start purpose as a sufficient debtor's right to bar setoff against assets exempted under Section 522.

While California has protected funds necessary to pay daily living expenses derived from wages and benefits provided for the unemployed or disabled, we do not know just where California would draw the line, suggested in *Kruger*, and allow setoff against other exempt assets. We note, however, that the exemptions granted under Section 522 are available for all debtors regardless of whether they have a source of regular income sufficient to pay for the necessities of life.

■ Since there is no controlling California authority to guide us, we must divine and declare how the California courts would rule on this question. *See In re Mistura, Inc.*, 22 B.R. 60, 62 (9th Cir.BAP 1982), *aff'd* 705 F.2d 1496 (9th Cir.1983). California has protected exemptions provided to insure an income stream during times of need, such as unemployment or disability. However, it does not necessarily follow that California would be so solicitous of an exempt asset constituting an unliquidated contract claim, which could not be relied on to provide a source of income at any time in the foreseeable future. Therefore, we hold that California would recognize the right of setoff against this cause of action under the usual equitable considerations. In reaching this decision we note that in each of the California cases where setoff was not allowed against exempt property there were mutual debts but they did not arise out of the same transaction. It is obvious that the equitable balance is tipped in favor of the creditor's right to setoff when the debts involved arise out of the same contractual dispute.

**B. Treatment of Property Exempted Under the Code**

As part of the statutory scheme enacted to equip discharged debtors with a fresh start, the Congress included Section 522(c), which reads:

Unless the case is dismissed, *property exempted* under this section *is not liable during or after the case* for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not voided under section 506(d) of this title.

11 U.S.C. § 522(c) (emphasis added).

This provision is intended to insulate exempt property from prepetition claims, except tax, alimony, maintenance or support

---

**2.** In 1984, the California legislature enacted Sections 703.130 and 703.140 of the California Civil Procedure Code "opting" California out of the federal exemptions provided by Section 522 and creating an alternative set of state exemptions which is modelled on those provided by federal law. *See In re Talmadge*, 832 F.2d 1120, 1122 (9th Cir.1987); *In re Baldwin*, 70 B.R. 612, 615 (9th Cir. BAP 1987).

claims that are excepted from the discharge. H.R. Report No. 95–595, 95th Cong., 1st Sess. 361 (1977).

When Section 522(c) is viewed against Section 553, we see that they present us with apparently conflicting provisions. Section 553 allows setoff of mutual debts owed between a creditor and the debtor which arose before the commencement of the case. Yet Section 522(c) bars exempt property from being liable for any debt, with certain enumerated exceptions, that arose before commencement of the case. In this appeal we must resolve this statutory dilemma.

### C. Right to Assert Setoff Against Exempt Property

Our analysis of the interplay between Sections 522(c) and 553 begins with the actual language of the statutes. *See Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 358, 93 L.Ed.2d 216 (1986). Section 522(c) states that "property exempted under this section is not liable ... *for any debt* of the debtor that arose ... before the commencement of the case" (emphasis added). This is to be compared with the direction of Section 553 that *"this title* does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case" (emphasis added). This analysis presents an appellate nightmare, for these provisions appear to be in direct conflict in regard to resolving the precise question presented here.

Most of the bankruptcy courts that have considered the question have ruled that a creditor's right of setoff may not be exercised against exempt property. *See In re Haffner, supra,* 12 B.R. at 372; *In re Monteith,* 23 B.R. 601, 603 (N.Ohio 1982); *In re Davies supra,* 27 B.R. at 901. However, one case to the contrary has focused on Section 506(a) which provides that a creditor has "a secured claim ... to the extent of the amount subject to setoff." *Matter of Lee,* 40 B.R. 123, 124 n. 2 (E.Mich.1984). This treats a right of setoff to be tantamount to a security interest, even requiring that adequate protection be

provided by the debtor. U.S. Code Cong. & Admin. News 1978 p. 6146. Thus, this could elevate setoff to lien status such that it is specifically excepted from the effect of Section 522(c). 40 B.R. at 124 n. 2. While this approach is intriguing, it is doubtful that a creditor can hold an allowed secured claim on exempt property that survives bankruptcy. *See In re Hall,* 752 F.2d 582, 589 (11th Cir.1985). We do not find that the secured status that Congress accorded setoff rights for the purpose of bankruptcy administration would elevate those rights to permanent lien status against the property. *Contrast In re Weiman,* 22 B.R. 49, 50, 54 (9th Cir.BAP 1982).

In resolving this statutory dispute, we try to interpret the Code according to the intent of Congress. *United States v. Jackson,* 143 F. 783, 787 (9th Cir.1906). *See* Klee and Merola, *Ignoring Congressional Intent: Eight Years of Judicial Legislation,* 62 Am.Bankr.L.J. 1 (Winter 1988). In this exercise we need to keep "an eye to the surrounding statutory landscape." *United States v. Bass,* 404 U.S. 336, 344, 92 S.Ct. 515, 521, 30 L.Ed.2d 488 (1971). We recognize that every problem of statutory construction is unique and that the general rules about statutory construction are limited help. *United States v. Universal Corp.,* 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952). However, we first consult the general maxims of statutory construction for whatever aid they can provide.

The usual case of direct statutory conflict is resolved by reference to the rule that a specific statute will not be controlled by a general one regardless of priority of enactment. *See Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974); *In re Chinichian,* 784 F.2d 1440, 1443 (9th Cir.1986). This rule is of no assistance here as the Panel views Sections 522(c) and 553 as being equally specific. One deals with preserving exempt property while the other acts to preserve setoff rights. Neither can be considered to control over the other on this ground.

Another rule, however, does give us guidance. It is long settled that where

there is an irreconcilable conflict between different parts of the same act, the last in order of arrangement will control. *United States v. Jackson, supra,* 143 F. at 787; *Inter–Continental Promotions, Inc. v. MacDonald,* 367 F.2d 293, 301 (5th Cir. 1966). Here that would mean that Section 553 would control over Section 522(c) on any point of conflict. The result so dictated appears to be one that forwards Congressional intent, which is the overriding objective of any court interpreting statutes. *See Pressley v. Capital Credit & Collection Service,* 760 F.2d 922, 924 (9th Cir. 1985). We well recognize that exemption statutes are to be given a liberal construction. *See In re Dahdah,* 20 B.R. 665, 666 (9th Cir.BAP 1982). This liberal view will be maintained in state policy governing the use of setoff against exempt property. Setoff can only happen if the state finds that its use is not in violation of the state's policy concerning exemptions. On the other hand, recognition of the preeminence of the right of setoff appears to be in accord with the special status granted setoff under the Code. Not only does the Code expressly preserve setoff, but it is clothed with the status of a secured claim.

Allowing setoff here also promotes an equitable result for it thwarts the Debtors in their attempt to circumvent the potential burden of their dealings with Ms. Lysenko, while at the same time seizing any benefits to which they may be entitled. *See Binnick v. Avco Financial Services of Neb.,* 435 F.Supp. 359, 363 (Neb.1977). Also, since setoff is solely a defensive posture, it cannot be used in an aggressive manner to deprive a debtor of the fresh start contemplated by the Code. It leaves the Debtors here with the full protection of the "shield" provided by the discharge order, and yet does not allow them to use the discharge order as a "sword" to take unfair advantage of their creditors. *See Kaufman's of Kentucky v. Wall,* 383 S.W.2d 907, 908 (Ky.1964).

## V

### CONCLUSION

We hold that California law allows Ms. Lysenko to exercise her right of setoff with any claim she has against the Debtors, against any claim they have against her concerning the dispute over the rental of the San Francisco premises even if it is claimed as exempt property and nothing in the Code inhibits her exercise of this right.