**In re Randall E. FREEBORN and Penni Q. Freeborn, Debtors.**

**D & B AUTO PARTS, INC., Movant,**

**v.**

**Randall E. FREEBORN, Respondent.**

**Bankruptcy No. 88–03599–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 1, 1989.

---

Julius H. Berg, Dennis Buchheit, Clayton, Mo., for debtors.

John D. Evans, John W. Taylor, St. Louis, Mo., for movant.

Gerald A. Rimmel, Clayton, Mo., trustee.

### ORDER

JAMES J. BARTA, Chief Judge.

The Final Hearing on this Motion for Relief From the Automatic Stay was called on May 24, 1989. Counsel for the Movant and Counsel for the Trustee appeared and presented oral argument. Movant also presented certain witness testimony in support of its position. Upon consideration of the record as a whole, the Court announced its determination and orders from the bench.

■ This Motion includes a request for relief from the automatic stay to permit a setoff of debts. Generally, a creditor may offset a debt owed to the debtor if the requisite mutuality exists and the debt arose before the commencement of the case. *See*, 11 U.S.C. § 553. Mutuality exists when the debts are "in the same right and between the same parties standing in the same capacity". *In re Hill Petroleum Co.*, 95 B.R. 404, 18 BCD 1355, 1359 (Bkrptcy, WD LA, 1988).

■ The automatic stay of 11 U.S.C. § 362 does not defeat the right of setoff. Rather it stays its enforcement pending an orderly examination of the debtor's and creditor's rights. *In re Pieri*, 86 B.R. 208, 210 (9th Cir. BAP, 1988). Under the Bankruptcy Code, the allowance of a setoff is not automatic, but is instead permissible at the discretion of the Bankruptcy Court. *Pieri*, supra, 210.

■ In the circumstances presented in this matter, the Court has determined that at this time the record does not establish the existence of the mutuality of debt such that a setoff may be allowed. The numerous issues presented in this motion involve non-core matters among parties which are not now before the Bankruptcy Court. Many of these parties and issues are now pending in non-bankruptcy proceedings. A review of the documents and issues presented in this motion as of the date of this hearing, suggest that the Movant's right to a setoff may depend upon the rulings and determinations in the non-bankruptcy forum, and the actions of parties not now before this Court. Therefore, as a matter of law and equity,

IT IS ORDERED that, the mutuality of debt having not been shown, and cause having not otherwise been presented, the Movant's request for relief from the automatic stay to permit a setoff against the Debtor's claim which is property of this estate, is denied without prejudice; and that this hearing be concluded.